# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

In the matter of:

Shane A. Mally (pro se)

Vs.

Grande Cheese
and
Agnesian Work & Wellness

Case No.

20-cv-922-wmc

Demand a Jury Trial

## COMPLAINT FOR A CIVIL CASE ALLEGING, WRONGFUL TERMINATION FROM EMPLOYMENT, DEFAMATION OF CHARACTER, HARASSMENT, GROSS RECKLESS NEGLIGENCE, BREACH OF CONTRACT, RECKLESS EMOTIONAL DISTRESS AND VIOLATIONS OF FORTH, FIFTH, AND EIGHT AMENDMENT RIGHTS ALONG WITH VIOLATION OF LIFE, LIBERTY, AND PURSUIT OF HAPPINESS.

**Parties to this complaint**

**Plaintiff**

Shane A Mally (pro se)
P.O Box 412
Brodhead Wi 53520
10/28/1993
608-447-1605
608-373-1994

**Defendant's**

1. Grande Cheese
   250 Camelot Dr
   Fond Du Lac Wi 54935

Attorney for Grande Cheese
Gregory B Bill, Sr
501 S Nicolet Rd
Appleton Wi 54914
920-739-3027

2. Agnesian Work and Wellness
912 S Hickory St
Fond Du Lac Wi 54935
920-907-3922

**Basis for Jurisdiction**

Plaintiff is suing defendant, for a Federal violation's, the amount is in Controversy, the amount plaintiff claims defendant owes is $150,000, not counting interest, the cost of the court and legal fees, therefore, this court has Jurisdiction.

**Statement of claim**

The defendants performed acts and failed to perform acts that an ordinary prudence in the same or similar circumstances would have done differently. Listed below are acts and failure to act. The acts or omissions caused or contributed to the cause of plaintiff's injuries by;

January 17 2020, plaintiff received confirmation of employment as a packaging associate I, from defendant 1, plaintiff signed and accepted offer.

January 23 2020 at 10:00 am, plaintiff had an appointment for a physical, hearing, vision and drug test to be done by defendant 2.

January 23 2020, plaintiff had passed all testing including physical, hearing, and drug testing.

January 23 2020, defendant 2, harassed and caused intentional extreme emotional distress by making false allegations about plaintiff having his cellphone during testing, plaintiff 2 then searched his pockets three times, plaintiff emptied his pockets to prove he did not in fact have anything in his pockets.

January 23 2020 Shasta Howell called defendant 2, as a third party to verify why plaintiff was so upset when walking out of the clinic, their response was "plaintiff maybe didn't have a phone that they could find however their claim is that she and another nurse heard a phone ringing and assume it was Plaintiff's.

Approximately January 23 2020, Shasta Howell called defendant 1, to make her aware of what Shasta Howell witnessed with the treatment of plaintiff by defendant 2.

January 23 2020 plaintiff received notice from defendant 1, that defendant 1 has chosen to terminate his employment at grande cheese.

Approximately March 2020, Shasta Howell contacted defendant 1, on behalf of plaintiff to discuss the violations that had occurred to plaintiff. Defendant 1 decided to do an investigation.

May 17 2020, Shasta Howell contacted defendant 1, on behalf of plaintiff via phone call and text for the finding of defendant 1 investigation. Defendant 1 stated that defendant 2 searched plaintiff 3 times and then plaintiff stated "I'm sorry I wasted your time and cheated"

July 10 2020, plaintiff served defendants with an intention to sue or to resolve out of court plaintiff demanded his job back.

**Argument**

This is a case of a young man trying to get a job and build a successful life. Approximately 01/17/20 signed and accepted a pre-employment contract which made the contract legal and binding by law. Plaintiff was performing pre-screening employment on 01/23/20. The first thing plaintiff did while at pre screening for employment at defendant 2's office in Juda Wi was fill out a health questionnaire, plaintiff stated that he had high anxiety and had it all his life, the plaintiff performed and passed other obligations for employment for defendant 1. Due to plaintiff high anxiety, the plaintiff may have acted nervous. Defendant 2 while acting under the color of the law, willingly neglected their duty as medical professionals performing a pre screening physical, defendant 2, proceeded to willingly harass plaintiff by badgering him and searching his property three times, these acts were a violation to plaintiff forth and fifth amendment rights. Defendant 2 stated that plaintiff then said "I'm sorry I wasted your time or cheated" and then plaintiff left the building in extreme emotional distress. The fourth amendment violation was the way defendant 2 searched his property, the fifth amendment violation was the manner defendant 2 used intimidation for a confession out of the plaintiff, any admission of evidence obtained during a fourth and fifth amendment violation is inadmissible in court. Defendant 2 discriminated against the plaintiff. These mentioned acts were a violation to "The Americans with Disabilities act of 1990" After plaintiff left defendant 2, premises, a third party witness, Shasta Howell called defendant 2 to ask why these events occurred and why plaintiff left building in emotional distress, defendant 2 stated, that while plaintiff was in bathroom performing drug test they heard a phone going off. This is a different statement then the statement defendant 1 claimed defendant 2 said on 05/17/20 these statements are defamation of character. After the third party witness Shasta Howell got off the phone with defendant 2, she then contacted defendant 1 on behalf of the plaintiff, to inform them of what she had witnessed. Defendant 1 then failed to intervene to protect civil right violations to the plaintiff and this caused a conspiracy against plaintiff. Approximately 01/23/20 defendant 1 wrongfully terminated plaintiff's employment of

Grande Cheese. Defendant 1 willingly Breached the Contract for plaintiff's employment knowing that plaintiff had in fact passed all recommended pre employment screening, defendant 1 and defendant 2 were only going on speculation and should have had a court determine its findings. 07/2020 plaintiff served them with intent to due if they did not correct the wrongs that were done. The above mentention actions and failure to act violated plaintiff's eighth amendment rights and also plaintiff's right to life, liberty and purant of happiness. Defendant 1 and defendant 2 caused repetitive extreme reckless emotional distress of the plaintiff. Defendants caused plaintiff PTSD, depression and more anxiety.

Tort law protects people from harm which results from the wrongdoing of others.

Pro Se (Without a Lawyer, representing self) pleadings are to be considered without technicality; pro per litigants pleadings are not to be held to the same high standards of perfection as lawyers.
HAINES V. KERNER, 92 S.Ct. 594;
JENKINS V. MCKEITHEN, 395 US 411, 421 (1969);
PICKING V. PENNA. RWY. CO. 151 F.2d 240;
PUCKETT V. COX, 456 F.2d 233

"It is a cardinal rule of contract law, recognized by the supreme court more than a century ago, that a party is bound by a contract to which he signifies his assent and cannot be heard to complain that he did not read contents" (March v. First USA Bank, 2000)

A contract cause of action accrues at the time of the breach. The discovery rule is inapplicable. CLL Associates v. Arrowhead Pacific, 174 Wis. 2d 604, 497 N.W.2d 115 (1993).

A penalty provision in a contract that is invoked if there is a violation of an unreasonable covenant not to compete must be read with, and is intertwined with, the covenant. As such, it is an unreasonable covenant itself. Equity Enterprises, Inc. v. Milosch, 2001 WI App 186, 247 Wis. 2d 172, 633 N.W.2d 662, 00-2827.

Under 28 U.S Code 4101(1) Defamation.—
The term "defamation" means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person.

Under wisconsin law in chapter 103 describes a breach of contract.
A contract or agreement of hiring or employment between any employer and any employee or prospective employee, in which either party to the contract or agreement undertakes or

<u>promises not to join, become or remain a member of any labor organization or of any organization of employers, or in which either party to the contract or agreement undertakes or promises to withdraw from the employment relation if the party joins, becomes or remains a member of any labor organization or of any organization of employers.</u>

<u>103.455    Deductions for faulty workmanship, loss, theft or damage. No employer may make any deduction from the wages due or earned by any employee, who is not an independent contractor, for defective or faulty workmanship, lost or stolen property or damage to property, unless the employee authorizes the employer in writing to make that deduction or unless the employer and a representative designated by the employee determine that the defective or faulty workmanship, loss, theft or damage is due to the employee's negligence, carelessness, or willful and intentional conduct, or unless the employee is found guilty or held liable in a court of competent jurisdiction by reason of that negligence, carelessness, or willful and intentional conduct. If any deduction is made or credit taken by any employer that is not in accordance with this section, the employer shall be liable for twice the amount of the deduction or credit taken in a civil action brought by the employee. Any agreement entered into between an employer and employee that is contrary to this section shall be void. In case of a disagreement between the parties, the department shall be the 3rd determining party, subject to any appeal to the court. Section 111.322 (2m) applies to discharge and other discriminatory acts arising in connection with any proceeding to recover a deduction under this section.</u>

**Relief**

Plaintiff demands his employment begin at Grande in Juda Wi, in the maintenance department with employment starting date of original hire date. Plaintiff demands $150,000.00 in punitive and compensatory damages for the wrongful termination, negligence, breach of contract, harassment, deflimationn of her character, discrimination, intintional emtional distress and the violation's of forth, fifth, eighth amendments and violations of life liberty and pusant of happiness, all caused by defendant actions or failures to act, accordanaly plaintiff requests declaration of mentioned acts as illigal and an injunction against further harassment or proceedings. Plaintiff demands the defendant repay any legal cost that occurs.

**Certification and Closing**

By signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Dated this 30th day of September, 2020

*Shane a Mally*

Shane Allen Mally
P.O Box 412
Brodhead Wi 53520
608-447-1605
608-373-1994